## MARY A. DITHMAR

*v.*

## CHARLES G. DITHMAR.

[Filed January 10th, 1905.]

1. Where a wife sues under section 20 of the act of April 3d, 1902 (*P. L. 1902 p. 508*), and neither of the parties was a resident of this state when the bill was filed, and the matrimonial domicile was not in the state at the time of the neglect complained of, the court has not jurisdiction of the suit.

2. One against whom a writ of *ne exeat* has issued may, at any time, move for a discharge on affidavits, and the court may make the discharge on any ground which shows that the writ should not have been granted.

On motion to discharge writ of *ne exeat.*

*Mr. Thomas E. French,* for the motion.

*Mr. Herbert A. Drake, contra.*

GARRISON, V. C.

This case comes before the court upon a motion by the defendant to be discharged from a writ of *ne exeat,* and for the cancellation of a bond given by him under an order of this court made on the 19th day of December, 1904.

I am convinced from the proofs that each of the parties to this proceeding is a resident of the State of Pennsylvania.

The proceeding can only be maintained under the provisions of the twentieth section of the Divorce act.  *P. L. 1902 p. 508.*

By the sixth and seventh subdivisions of that act (*P. L. 1902 p. 504*), the legislature has defined the cases over which the court shall have jurisdiction in this respect.  The two sections read as follows:

"VI. In cases of alimony or maintenance only; *provided* (*a*) the defendant is a resident of this state at the time of filing the bill, *or, provided* (*b*) the matrimonial domicile was in this state at the time of the neglect complained of, and the complainant resides in this state at the time of filing the bill, and the defendant' is served with process in this state, or has property within this state at the time of filing the bill.  .

"VII. In all cases, except desertion, when either of the parties is a resident of this state at the time of filing the bill or petition and the defendant is served with process within this state."

In the case at bar the defendant was not a resident of this state at the time of the filing of the bill, and the matrimonial domicile was not in this state at the time of the neglect complained of, and the complainant did not reside in this state at the time of the filing of the bill, and neither of the parties was a resident of this state at the time of the filing of the bill.

I therefore hold that the defendant should be discharged from the writ of *ne exeat,* and will so advise.

The court of errors and appeals, in the case of *Hervey* v. *Hervey, 56 N. J. Eq. (11 Dick.) 424,* holds that "to the effectual initiation of a suit brought in the court of chancery by a wife against a husband for maintenance under the twentieth section of the act concerning divorce, two things are necessary—jurisdiction of the subject-matter of the controversy and jurisdiction of the person of the defendant."

And (on *p. 428*) that court says: "The regulation of the institution of marriage is a matter of high public policy. The persons subject to this regulation are, naturally and by general law, those who are domiciled within the borders of the state. Specifically they are those who have therein such a domicile as the state may positively prescribe."

Since I find as a fact that neither the wife nor the husband resided in New Jersey, I conclude that the writ should not have issued, and that the defendant should be discharged therefrom.

Practice admits application to the court for discharge to be made upon affidavits and before answer, and the court upon such motion may make the discharge upon want of equity appearing in the bill or insufficiency of the affidavits, or any other thing which shows that the writ should not have been granted. *Cary* v. *Cary, 39 N. J. Eq. (12 Stew.) 3 (Chancellor Runyon, 1884).*

The writ will only issue for equitable demand. *MacDonough* v. *Gaynor, 18 N. J. Eq. (3 C. E. Gr.) 249 (Chancellor Zabriskie, 1867).*

If the court has not jurisdiction of the subject-matter, there is no equitable demand upon which the writ may rest for a basis.

I will advise an order as heretofore stated.

Application is also made by the defendant for an order that the complainant give a bond for costs in pursuance of section 21 of the Divorce act. *P. L. 1902 p. 509.*

It is proper that this application should be granted, and I will advise an order to that effect.